PEOPLE, Respondent, v. JOHN MELVILLE, Appellant.

## No. 1990; July 19, 1869.

**Juror.**—To Sustain the Refusing of a Peremptory Challenge on the ground that the juror had already been accepted by the challenging party, the statement in the bill of exceptions must show that this juror had been sworn before so challenged; the fact may not be left to be inferred.

APPEAL from County Court, Santa Cruz County.

Attorney General for respondent; DeWitt & Wilson for appellant.

RHODES, J.—It is conceded by the attorney general that, if the bill of exceptions shows that the defendant challenged the juror Silver, before he was sworn as a juror, then the court erred in refusing to allow the challenge. It is stated in the bill of exceptions that the defendant challenged peremptorily certain jurors "before said jurors were sworn. That defendant afterward interposed his peremptory challenge to J. C. Silver, one of the jurors summoned to complete said panel; to which challenge the district attorney objected

on the ground that the defendant has accepted said Silver as a juror in said cause.''

It does not clearly appear from this statement that Silver had been sworn, and we would not be justified in inferring from the fact that the jurors before named were challenged before they were sworn that therefore Silver was challenged after he was sworn. The language of the bill of exceptions, including the ground of the district attorney's objection, shows that the juror had not been sworn. Had he been sworn, that would have been urged on the ground of objection to a peremptory challenge, and we think no one reading the bill of exceptions could come to the conclusion that the juror was sworn before the challenge was interposed.

Judgment reversed and cause remanded for a new trial.

We concur: Sanderson, J.; Sawyer, C. J.; Sprague, J.; Crockett, J.